United States Bankruptcy Court

Middle District of Pennsylvania

In re:  Case No. 25-03198-MJC

Christopher Mario Miraglia  Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5  User: admin  Page 1 of 2

Date Rcvd: Feb 11, 2026  Form ID: 318  Total Noticed: 10

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 13, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Christopher Mario Miraglia, 418 Laurel Run Estates, Laurel Run, PA 18706-7616 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| 5756701 | Email/Text: legal@arsnational.com | Feb 11 2026 18:45:00 | ARS National Services Inc, PO Box 469046, Escondido, CA 92046-9046 |
| 5756700 | EDI: AMSHER.COM | Feb 11 2026 23:46:00 | Amsher Collection Services, 4524 Southlake Pkwy Ste, Hoover, AL 35244-3270 |
| 5756702 | Email/Text: bankruptcydpt@mcmcg.com | Feb 11 2026 18:46:00 | Comenity Capital Bank, Attn: Bankruptcy, PO Box 939069, San Diego, CA 92193-9069 |
| 5756703 | EDI: DISCOVERPL | Feb 11 2026 23:46:00 | Discover Personal Loans, Attn: Bankruptcy, PO Box 30954, Salt Lake City, UT 84130-0954 |
| 5756704 | EDI: JPMORGANCHASE | Feb 11 2026 23:46:00 | JPMorgan Chase Bank, Attn: Bankruptcy, PO Box 15299, Wilmington, DE 19850-5299 |
| 5756705 | + Email/Text: bankruptcydpt@mcmcg.com | Feb 11 2026 18:46:00 | Midland Credit Management, PO Box #2121, Warren, MI 48090-2121 |
| 5756706 | Email/Text: bankruptcydpt@mcmcg.com | Feb 11 2026 18:46:00 | Midland Credit Management Inc, 320 E Big Beaver Rd Ste 300, Troy, MI 48083-1271 |
| 5756707 | + EDI: SYNC | Feb 11 2026 23:46:00 | Synchrony Bank/Amazon PLCC, 4125 Windward Plaza, Alpharetta, GA 30005-8738 |
| 5756708 | EDI: AISTMBL.COM | Feb 11 2026 23:46:00 | T Mobile, PO Box 742596, Cincinnati, OH 45274-2596 |

TOTAL: 9

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains**

**the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 13, 2026          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 11, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Carlo Sabatini | on behalf of Debtor 1 Christopher Mario Miraglia usbkct@bankruptcypa.com kecf@bankruptcypa.com;ivms@bankruptcypa.com;necf@bankruptcypa.com;sabecf@gmail.com;secf@bankruptcypa.com;sabatini.carlob107053@notify-prod.bestcase.com;ashley.bankruptcypa.com@recap.email;carlo@ecf.courtdrive.com |
| Lisa Ann Rynard | larynard@larynardlaw.com PA88@ecfcbis.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 3

| | | | |
|---|---|---|---|
| Debtor 1 | **Christopher Mario Miraglia** | Social Security number or ITIN | xxx–xx–8055 |
| | First Name   Middle Name   Last Name | EIN | __–_____ |
| Debtor 2 | | Social Security number or ITIN | ____ |
| (Spouse, if filing) | First Name   Middle Name   Last Name | EIN | __–_____ |

United States Bankruptcy Court   Middle District of Pennsylvania

Case number:   5:25–bk–03198–MJC

# Order of Discharge     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Christopher Mario Miraglia
aka Christopher M Miraglia, aka Chris Miraglia,
aka Christopher Miraglia

2/11/26

**By the court:**

_/s/ Mark J. Conway_

Mark J. Conway, United States
Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318  **Order of Discharge**  page 2